UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| JAPAN PACIFIC TRADING CORP., | ) | Case No.  6:04-bk-11049-KSJ |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re | ) | |
| | ) | |
| FLORIDA SELECT CITRUS, INC., | ) | Case No.  6:04-bk-11050-KSJ |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |
| In re | ) | |
| | ) | |
| AMERICAN MERCANTILE CORP., | ) | Case No.  6:04-bk-11052-KSJ |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

MEMORANDUM OPINION PARTIALLY ALLOWING
APPLICATION OF ROBERT F. HIGGINS AND
LOWNDES, DROSDICK, DOSTER, KANTOR & REED, P.A.

Robert F. Higgins, Esquire, and the law firm of Lowndes, Drosdick, Doster, Kantor & Reed, P.A. (collectively, the "Applicant"), represent the Examiner, Michael E. Moecker (the "Examiner"), in the three referenced bankruptcy cases. At the hearing, held on July 8, 2004, the related debtors, with the assistance of the Applicant acting on behalf of the Examiner, successfully confirmed their Amended Plans of Reorganization.

The Applicant filed the same Fee Application in each of the three related corporate Chapter 11 cases (Doc. No. 161 in 6:04-bk-11049, Doc. No. 255 in 6:04-bk-11050, and Doc. No. 186 in 6:04-bk-11052). In the Application, Mr. Higgins and his firm seek a total amount of $74,710.75 for fees plus the reimbursement of costs in the amount of $678.29. At the confirmation hearing, the debtors' primary secured creditor, Sherwood Investments (Overseas), Ltd., orally objected to the amount of the fees asserting that they were excessive.

The single issue before the Court is whether the fees requested in the Application are reasonable. Bankruptcy Code[1] Section 330(a)(1)(A) and (B) provide that a bankruptcy court may award an attorney reasonable compensation for actual, necessary services rendered and reimbursement for actual, necessary expenses incurred. Accordingly, the court must examine all fees and costs and determine that the services performed and costs incurred were both actual and necessary. An absence of objection by any party in interest does not relieve the court of its duty to examine a fee request.

Several factors are considered in determining fees:

(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill required to perform the service properly;
(4) the preclusion of other employment due to acceptance of the case;
(5) the customary fee for similar work in the community;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the professional;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship of the client; and
(12) the awards in similar cases.

Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974),[2] abrogated on other grounds, Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).

In applying these factors, a Court should:

(1) determine the nature and extent of services provided by the professional;

(2) assess the value of those services; and

(3) explain the basis of the award.

---

[1] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

[2] Fifth Circuit decisions issued before October 1, 1981, constitute binding precedent for this court. Bonner v. City of Prichard, 661 F.2d 1206, 1210 (11th Cir. 1981).

Neville v. Eufaula Bank and Trust Co. (In re U.S. Golf Corp.), 639 F.2d 1197, 1201 (5th Cir. 1981); Grant v. George Schumann Tire & Battery Co., 908 F.2d 874, 877-78 (11th Cir. 1990). Bankruptcy courts have broad discretion in determining the amount of fees awarded to professionals as compensation. First Colonial, 544 F.2d at 1298.

As to the costs requested in the amount of $678.29, the Court finds that the costs are reasonable and shall be allowed in full. However, the Court finds that the fees, as requested, are unreasonable given the scope of work performed by the Applicant. The Examiner was appointed in these cases on November 30, 2004, and the Applicant was separately retained as his counsel one month later by orders entered on December 28, and December 31, 2004 (Doc. No. 86 in 6:04-bk-11049; Doc. No. 138 in 6:04-bk-11050; and Doc. No. 103 in 6:04-bk-11052).

Upon appointment, the Examiner undertook a broad charge. He was hired to investigate and monitor the debtors' business activities, assets, and potential legal issues and causes of action, including claims against the debtors' former principal and claims against Sherwood. Because Sherwood wore many hats, having recently taken control of the debtors' operations, and being a post-petition lender and holding both large secured and unsecured debts, the Court and the debtors' unsecured creditors were concerned about possible conflicts of interest.

Although the Examiner's duties and responsibilities were extensive, the Examiner, with the help of the Applicant, quickly filed his initial report on February 7, 2005 (Doc. No. 109 in 6:04-bk-11049; Doc. No. 171 in 6:04-bk-11050; and Doc. No. 132 in 6:04-bk-11052). The Examiner found no evidence of intentional wrongdoing by the debtors or any improper conflict of interest by Sherwood. He further opined that the debtors' orchid business was a viable and ongoing business. The Examiner also opined as to the value and viability of various other assets of the debtors, including various claims and causes of action.

The Examiner's work was valuable because the parties needed his objective, third-party opinion to rebut any implication that Sherwood, with its many possible conflicting roles, was

acting improperly. The report also paved the way to allow the debtors to proceed relatively smoothly through the confirmation process. The Court finds that the Examiner received substantial help from the Applicant in reaching and documenting these important opinions. The Applicant certainly is entitled to receive a reasonable compensation for the value of these services.

However, the Court cannot approve the full amount of the fees requested in the Application. Specifically, the vast majority of the work performed for the Examiner was performed by Mr. Higgins, a senior partner, at a rate ranging from $350 to $375 an hour. Mr. Higgins worked a total of 186.9 hours in these Chapter 11 cases. The total amount of associate time was 5.3 hours performed by one specific associate at the rate of $210 per hour.

The services provided to the Examiner in connection with these Chapter 11 proceedings did not justify this amount of work almost exclusively at the senior partner level. Rather, much of the legal work required rather basic tasks, such as evaluating the validity of a claim or a cause of action, valuing various assets, obtaining and reviewing documents, drafting simple correspondence, and determining the legitimacy and amount of Sherwood's security interest. Much of the work was investigatory and required a due diligence type of review of documents, not the type of guiding leadership and expertise typically supplied by such a senior attorney.

For illustration purposes, here are a few examples of work completed by a senior partner that usually is completed by an associate or other assistant. On January 9, 2005, Higgins spent 1.55 hours reviewing a deposition transcript. On January 17, 2005, Higgins spent approximately one hour preparing correspondence and engaging in telephone calls with other attorneys on various discovery and document production issues. The time records are replete with many other examples of a partner directly involved in basic discovery and drafting work. For example, between January 30, and February 7, 2005, Higgins spent at least 14.15 hours revising or drafting the Examiner's report. He also spent significant time reviewing correspondence from

others and drafting simple letters himself. The vast majority or this and similar work properly is performed by an associate.

A reduction from the fees requested is appropriate to properly reflect a more suitable hourly rate for the services rendered. The Court agrees that $350-$375 per hour is an appropriate hourly rate for senior partners and that $210 is an appropriate hourly rate for associates in Orlando. However, the fee application simply is weighted too heavily at the upper end (186.9 hours) without properly delegating many tasks normally completed by an associate (5.3 hours). Certainly, a senior partner can chose to do any work he or she wishes, but the partner cannot expect to be paid at senior partner rates for associate-type work.

No exact science exists as to the perfect division between associate and partner time, but, after reviewing the time records submitted by the Applicant, the Court concludes that only 35% of the work completed by the Applicant constitutes work properly performed by a senior partner. The remaining 65% should have been delegated to an associate, charging the lower hourly billable rate.

Applying this formula to the application, 65% of Mr. Higgins' fees will be reduced from an hourly billable rate ranging from $350 to $375 per hour to an hourly billing rate of $210 per hour. As such, the fees requested by the Applicant are reduced by $18,795.55. Total fees shall be allowed in the amount of $55,915.20, together with costs of $678.29. A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, this 28th day of July, 2005.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor:  Japan Pacific Trading Corporation, 305 West Broad Street, Groveland, FL  34736

Debtor:  Florida Select Citrus, Inc., 305 West Broad Street, Groveland, FL  34736

Debtor:  American Mercantile Corporation, 305 West Broad Street, Groveland, FL  34736

Attorney for Debtors:  R. Scott Shuker, Gronek & Latham, LLP, P.O. Box 3353, Orlando, FL  32802

Attorney for Examiner:  Robert F. Higgins, Lowndes, Drosdick, Doster, Kantor & Reed, P.A., P.O. Box 2809, Orlando, FL  32802-2809

United States Trustee, Attn:  Elena L. Escamilla, 135 W. Central Blvd., Suite 620, Orlando, FL  32801

All Creditors and Interested Parties